UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

          Plaintiff(s),

RAFAEL A. PINA-NIEVES [2],

          Defendant(s).

Civil No. 12-215 [2] (DRD)

**OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

    Pending before the Court are: (a) *Motion to Dismiss Count 5 of the Superseding Indictment as it Pertains to Appearing Defendant Pina-Nieves* filed by the defendant Rafael A. Pina-Nieves [2] (hereinafter "Pina-Nieves"), Docket No. 338; (b) *Government's Opposition to Defense's Motion to Dismiss Count 5*, Docket No. 352; and (c) *Report and Recommendation*, Docket No. 357. For the reasons set forth below, defendant's motion to dismiss is denied.

**Issue**

    The issue pending before the Court is whether the dismissal of Count Five for conspiracy to launder money under 18 U.S.C. § 1956(h), is warranted as defendant Pina-Nieves "did not conduct or attempt to conduct, directly or indirectly ... any financial transaction with said proceeds of the fraudulently loan [as the underlying specified unlawful activity, such as, money laundering took place after Doral Bank's disbursement of the monies to defendant Morales-Guanill upon the closing of a mortgage loan], or any part thereof." *See* Docket No. 338. In any event, Count Five relates to a conspiracy which rests on credibility issues which are best reserved for the jury. *United States v. Santos-Rivera*, 726 F.3d 17, 25 (1st Cir.2013) ("Credibility is a question for the jury, which on appeal must be resolved in favor of the government."). *See United States v. Ayala-García*, 574 F.3d 5, 12

(1st Cir.2009)).”

## Factual and Procedural Background

On September 24, 2012, the Grand Jury returned a *Superseding Indictment* charging defendant Morales-Guanill on several counts, to wit, Counts One, Two, Five through Fifteen relating to conspiracy to commit bank fraud under 18 U.S.C. § 1349; bank fraud under 18 U.S.C. § 1344; aiding and abetting under 18 U.S.C. § 2; conspiracy to launder money under 18 U.S.C. § 1956(h), and engaging in monetary transactions in property derived from specific unlawful activity under 18 U.S.C. § 1957.  *See Superseding Indictment*, Docket No. 106.

Defendant Pina-Nieves moves the Court for the dismissal of Count Five of the *Superseding Indictment*, on the grounds that it applies to Pina-Nieves, as the defendant “did not conduct or attempt to conduct, directly or indirectly, in any way shape of form, **any** financial transaction with said proceeds of the fraudulently loan, or any part thereof.”  (Emphasis on the original).  *See* Docket No. 338.  “Accordingly, he [Pina-Nieves] could not, did not, and cannot be proven to have committed any money-laundering offense.”  *Id.*  In support of his dismissal request, Pina-Nieves cites *United States v. Santos*, 553 U.S. 507 (2008), and alleges that (1) “a violation of Sec. 1956 requires that the charged defendant engage in a transaction with the **proceeds** of a specified unlawful activity, in this case, the bank fraud alleged; in other words, that to avoid a problem of ‘merger,’ as recognized by the caselaw, the acts which constitute the potential money-laundering offense must occur after the underlying offense has been completed and thus after the proceeds form [sic] that underlying offense have been generated/received;” and (2) the indictment fails to allege and “the government has not shown or could ever show, that there is any evidence to proof that defendant Pina engaged in any transaction with the **proceeds** of the bank fraud alleged, that is, with any part

2

of the approximately $4,100,000.00 which co-defendant Morales Guanill received from Doral Bank

on account of the sale of the Property." (Emphasis on the original). *See* Docket No. 338, page 4.

Lastly, defendant Pina-Nieves further alleges that Count Five of the *Superseding Indictment* "is

constitutionally insufficient," hence, it should be dismissed. *See* Docket No. 338, page 8.

The Government filed its opposition on the grounds that defendant's analysis of the *Santos*

case is wrong, as it "presumes that an overt act must be committed with the proceeds in order for

there to be a violation of the statute." *See* Docket No. 352, page 3. "In Conspiracy, the 'crime' itself

is the agreement of the parties to commit an illegal act - not the act itself." *Id.* "The Supreme Court

has clearly established the principal that a conspiracy to commit money laundering 'does not require

proof of an overt act in furtherance of the conspiracy.' *Whitfield v. United States*, 543 U.S. 209, 219

(2005)." *Id.*, at pages 3-4. The Government also cited *United States v. Ayala Vazquez*, 751 F.3d 1,

14 (1st Cir.2014), in support of its objection. *Id.*

This matter was referred to the Magistrate Judge Marcos E. Lopez ("Magistrate Judge") for

report and recommendation on August 15, 2015. *See* Docket entries No. 344, 346. The

Magistrate Judge Lopez entered the *Report and Recommendation* on September 23, 2014, and

recommended that defendant's motion to dismiss be denied. *See* Docket No. 357.

As of this date, the record shows that there are no objections filed to the *Report and*

*Recommendation*. Hence, the role of the reviewing court is limited as to determine whether there

is plain error in the analysis and recommendation made by the Magistrate Judge Lopez. The Court

finds that there is no plain error. The Court briefly explains.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 59(b)(2) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and Local Rule 72(a)(6) of the Local Rules for the District of Puerto Rico, as amended ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72. Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"The district judge need not normally conduct a new hearing and may consider the record developed before the magistrate judge, making his or her own determination on the basis if that record." *See* Local Rule 72(d) of December 3, 2009, as amended on September 2, 2010. *See also Jardín de Las Catalinas Limited Partnership v. Joyner*, 766 F.3d 127, 132 (1st Cir.2014).

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the report and recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also Jardin de Las Catalinas Limited Partnership v. Joyner*, 766 F.3d

4

at 132.

In the instant case, no objections to the Magistrate Judge Lopez' *Report and Recommendation* have been filed.   Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001); 75 Fed.Appx. 795, 797 (1st Cir.2003), *cert. denied*, 540 U.S. 1183 (2004); *see also Douglas v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected  legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error"); *Jardin de Las Catalinas Limited Partnership v. Joyner*, 766 F.3d at 132.

As previously explained, since the Magistrate Judge Lopez' *Report and Recommendation* is unopposed, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same.   Hence, after a careful analysis, the Court finds no "plain error" and agrees with the Magistrate Judge's findings of fact, analysis and recommendation. "There is little point in attempting to reinvent a well-fashioned wheel.   Where, as here, a magistrate judge astutely takes the measure of a case and hands down a convincing, well-reasoned decision, [the Court] should refrain from writing at length to no other end than to hear its own words resonate." *Nogueras v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) citing *Corrada Betances v. Sea-Land Service, Inc.*, 248 F.3d 40, 42 (1st Cir. 2001); *Lawton v. State Mut. Life Assur. Co.*, 101 F.3d 218, 220 (1st Cir. 1996).

**Analysis**

Since the findings of fact and analysis are undisputed, the Court adopts *in toto* the recommendation made by the Magistrate Judge.

The Court finds and agrees with the well-reasoned analysis made by Magistrate Judge Lopez. Based on *United States v. Ayala-Vazquez*, 751 F.3d 1, 15 (1st Cir.2014), the Magistrate Judge correctly concluded that, "[w]hile a conviction of conspiracy to commit money laundering requires 'proof that the defendant voluntarily participated to promote a criminal objective,' the government need not prove that each defendant 'carried out each transaction, but that he was part of a conspiracy the object of which was to engage in money laundering.' *Ayala-Vazquez*, 751 F.3d at 15." *See Report and Recommendation*, Docket No. 357, page 7.

*See also United States v. Adorno-Molina*, 774 F.3d 116 (1st Cir.2014) ("In a money laundering conspiracy, the amount of laundered funds attributable to a defendant 'includes not only that which he handled but also the amount he could reasonably have foreseen would be laundered through the conspiracy.' *United States v. Rivera-Rodriguez*, 318 F.3d 268, 273 (1st Cir.2003))."

Magistrate Judge Lopez also stated:

> Furthermore, based on the allegations in the superseding incident, the instant case does not involve the type of "merger" problem that was present in *Santos*. The bank fraud conspiracy charge requires the government to prove that Pina-Nieves conspired to "knowingly execute ... a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution." 18 U.S.C. §§ 1344; 1349. The promotional money laundering conspiracy charge requires the government to prove that he conspired, "knowing that the property involved in a financial transaction represents the proceeds of" bank fraud, to "conduct or attempt to conduct . . . a financial transaction which in fact involves the proceeds of" bank fraud "with the intent to promote

6

the carrying on of" bank fraud.  18 U.S.C. §§ 1956(a)(1)(A)(i); 1956(h).

*See Report and Recommendation*, Docket No. 357, page 5.

Lastly, defendant Pina-Nieves further alleges that the *Superseding Indictment* is "constitutionally insufficient to charge him with a money laundering conspiracy in violation of § 1956(h)."  *See* Docket No. 338.  Magistrate Judge Lopez stated that "[t]he money-laundering statute, 18 U.S.C. § 1956(a)(1)(A)(i), applies when an individual knowingly uses the proceeds of an unlawful activity in a financial transaction 'with the intent to promote the carrying on of a specified unlawful activity.' *United States v. Lucena-Rivera*, 750 F.3d 43, 49 (citing 18 U.S.C. § 1956(a)(1)(A)(i))."[1]  *See Report and Recommendation*, Docket No. 357, page 6.  The Magistrate Judge further stated:

> While a conviction of conspiracy to commit money laundering requires "proof that the defendant voluntarily participated to promote a criminal objective," **the government need not prove that each defendant "carried out each transaction, but that he was part of a conspiracy the object of which was to engage in money laundering**." *Ayala-Vazquez*, 751 F.3d 1, 15 (1st Cir.2014) (citation and internal quotation marks omitted)."  (Emphasis ours).

In *United States v. George*, 761 F.3d 42, 51 (1st Cir.2014) ("An aider and abetter is (broadly speaking) someone who knowingly assisted a crime's commission, wanting it to succeed," regardless of whether any of the members of the conspiracy personally participated in any money laundering acts or even had knowledge of the details).

The Magistrate Judge further finds that Count Five is "facially sufficient, containing the

---

[1]  "Section 1956(h) states that: 'Any person who conspires to commit any offense defined in [§ 1956] or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.' 18 U.S.C. § 1956(h)."  *See Report and Recommendation*, Docket No. 357, pages 6-7.

7

elements of the offense charged, fairly informing Pina-Nieves of the charge against him which he must defend, and enabling him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *See Report and Recommendation*, Docket No. 357, page 8. Based on this analysis, Magistrate Judge Lopez recommended that defendant Pina-Nieves' motion to dismiss be denied.

In view of the foregoing, the Court adopts the well-reasoned recommendation made by the Magistrate Judge Lopez, as supplemented herein, and denies the dismissal of Count Five as to defendant Pina Nieves [2], at this stage of the proceedings.

## Conclusion

For the reasons set forth above, the defendant's *Motion to Dismiss,* Docket No. 338, is denied. The *Report and Recommendation*, Docket No. 357 is hereby adopted *in toto*, as supplemented herein.

A Status Conference is set for February 25, 2015 at 4:00 p.m in Old San Juan Courtroom.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2015.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge

8